**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
JASMINE COLON,                         :   CIVIL ACTION NO. 06-5016 (MLC)
                                       :
     Plaintiff,                        :   MEMORANDUM OPINION
                                       :
     v.                                :
                                       :
PITNEY BOWES CORPORATION,              :
et al.,                                :
                                       :
     Defendants.                       :
                                       :
```

**COOPER, District Judge**

Plaintiff, Jasmine Colon ("Colon") commenced this action against her former employer, Pitney Bowes Corporation ("Pitney Bowes"), and her former supervisor, Fred M. Purdue ("Purdue", and together with Pitney Bowes, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the New Jersey Law Against Discrimination. (Dkt. entry no. 1, Compl.) Pitney Bowes moves to dismiss the complaint or, in the alternative, to transfer this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § ("Section") 1404(a). (Dkt. entry no. 4.) For the reasons stated herein, the Court will (1) deny the part of the motion seeking dismissal of the complaint, and (2) grant the part of the motion seeking to transfer the action to the District of Connecticut.

**BACKGROUND**

Colon worked for Pitney Bowes at its corporate headquarters and principal place of business in Stamford, Connecticut.  (Def. Br., at 1; Compl., at ¶ 5.)  Colon provided administrative support to various Pitney Bowes executives during her employment, including Purdue. (Def. Br., at 3; Compl., at ¶ 6.)  At the time of her alleged constructive discharge, Colon was Purdue's executive assistant.  (Def. Br., at 3; Compl., at ¶¶ 21-23.)

Colon collapsed at work in June 2005 due to a severe pain in her left side.  (Compl., at ¶ 30.)  Thereafter, Colon was diagnosed with a large mass on one of her ovaries.  (Def. Br., at 3.)  Nevertheless, she was placed on pain medication and continued to report to work.  (Id.)  Over the next few months, she attempted to continue working either in the office or from home.  (See id.)  Colon was scheduled to have surgery in early 2006 to remove the mass on her ovary, which would necessitate approximately one week for recuperation.  (Id.)  However, at a subsequent appointment, her doctor determined that the mass was on her uterus, not her ovary, and thus, she needed to undergo a more invasive procedure necessitating six weeks for recuperation.  (Compl., at ¶¶ 45-48.)  Thus, Colon's surgery was rescheduled for March 10, 2006.  (Id. at ¶ 49.)

Colon asserts that she experienced excruciating pain on March 7, 2006, and was unable to report to work.  (Id.)

Nevertheless, immediately prior to her surgery, Colon worked from home and checked both her work email and work voicemail remotely. (Id. at ¶ 50; see Def. Br., at 3.)  In performing her duties, which included checking and reviewing Purdue's email messages, Colon alleges that she discovered an email from Purdue to the Human Resources Director stating:

> [Colon] is going to have surgery on March 10 and evidently can not deal with it.  Despite attempts to contact her I can not find out if she is coming to work on any given day.  We need to find something else for her to do.  She has filed for disability effective the 10th.  Perhaps she should not come back.  I am going to make arrangements for part time help.

(Compl., at ¶ 52.)

Colon developed a rash approximately two weeks after her surgery occurred, and was diagnosed with stress-induced psoriasis.  (Id. at ¶¶ 60-61.)  Further, following the surgery the number of doctors visits she required doubled.  (Id. at ¶ 62.)  Colon alleges that at approximately the same time, the Director of Human Resources informed her that she had been reassigned to a different position at a different Pitney Bowes facility.  (Id. at ¶¶ 65-67; Def. Br., at 3.)  Colon believed this position was below her former position with respect to level of responsibility and compensation.  (Compl., at ¶ 68; Def. Br., at 3.)  According to Colon, Purdue continuously discussed her health and related issues with other Pitney Bowes employees during this time period.  (Compl., at ¶ 70.)  Thus, Colon asserts

that she "had no choice but to leave the Company because [her] privacy had been violated and [her] professional reputation maligned." (Id. at ¶ 71.)  Colon also asserts that after she decided to resign from Pitney Bowes, the company began criticizing her job performance to both her attorney and prospective employers. (Id. at ¶¶ 73-74, 79-80; Def. Br., at 3-4.)

## DISCUSSION

Pitney Bowes argues that transfer of this action is appropriate because, inter alia, (1) this action could have been brought in the District of Connecticut, (2) "[e]very relevant event alleged in Colon's Complaint occurred in Stamford, Connecticut, where she was hired, worked, and where her employment eventually ended", and (3) the witnesses and documentary evidence necessary to both support and refute Colon's claims are located in Connecticut. (Def. Br., at 9-10.)  In contrast, Colon contends that any transfer of this matter should be from the District of New Jersey's Trenton Vicinage to its Newark Vicinage. (Pl. Br., at 9.)  Colon asserts that "[t]his compromise . . . improves the convenience level of the witnesses to this matter, as well as that of the [Defendants], and its counsel whose office is located in Newark.  While increasing the inconvenience to [Colon] and her counsel, such a transfer would not completely shift the burden to plaintiff and her professional team." (Id.)

4

**I.    Transfer Standard**

For "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An action might have been brought in another district, if (1) venue is proper in the transferee district, and (2) the transferee district can exercise jurisdiction over all the defendants. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). A civil action in which claims are asserted pursuant to Title VII or the ADA must be brought in the judicial district where (1) the alleged unlawful employment practice was committed, (2) the employment records relevant to such practice are maintained and administered, or (3) the plaintiff would have worked but for such practice. 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117(a). This venue requirement is mandatory for Title VII and ADA claims, and thus, other more general venue provisions do not apply to such claims. See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82-83 (3d Cir. 2004) (discussing proper venue for ADA claim); Bragg v. Hoffman Homes, No. 04-4984, 2005 U.S. Dist. LEXIS 4821, at *2-*3 (noting that general venue provisions do not apply in Title VII cases).

The moving party bears the burden of demonstrating that the alternative forum is more appropriate than the present one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Courts balance various private and public interests when deciding whether to transfer pursuant to Section 1404.  Jumara, 55 F.3d at 879.  The private interests may include plaintiff's choice of forum, the ease of access to sources of proof, the availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, the location of books and records to the extent they may be unavailable in one forum, and whether the claim arose elsewhere.  Id.  The public interests may include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law.  Id.

**II.  The Transfer Standard Applied Here**

Transfer of this action to the District of Connecticut is appropriate.  The alleged unlawful employment practice underlying this action occurred at Pitney Bowes's corporate headquarters in Stamford, Connecticut.  (See Compl.)  Further, Pitney Bowes maintains its employment records, including those pertaining to Colon, in Connecticut.  (See Def. Br., at 9.)  Finally, Colon would be working in Stamford, Connecticut but for the Defendants allegedly unlawful conduct.  (Id.)  Accordingly, this action

6

"might have been brought" in the District of Connecticut.  See 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117(a).

Private and public interest factors favor transfer of this action.  Although Colon chose to bring this action in New Jersey, her choice of forum is entitled to less deference because a substantial part of the events and operative facts in this action did not occur in New Jersey.  See Sun Chem. Corp. v. Markem Corp., No. 05-2564, 2006 U.S. Dist. LEXIS 3469, at *6 (D.N.J. Jan. 30, 2006); Agrotors, Inc. v. Bell Helicopter Textron, Inc., No. 03-4345, 2004 U.S. Dist. LEXIS 3641, at *11 (E.D. Pa. Mar. 8, 2004) (noting that plaintiff's choice of forum, while usually of "paramount importance", is accorded less deference where no operative facts occurred in the forum.); LG Elecs. v. 1st Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("When the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference.")  Accordingly, Colon's preference for maintaining this action in the District of New Jersey does not weigh heavily against transfer.

None of the alleged actions, statements, or employment practices that underlie Colon's claims occurred in New Jersey.  In contrast, nearly all of the events set forth in the complaint occurred at Pitney Bowes's offices in Connecticut, Colon's former place of employment.  (Def. Br., at 10; see Compl.)  For example, Purdue sent the email message stating the Colon "can not deal

with" her medical condition to the Human Resources Director at Pitney Bowes's Stamford headquarters, and this same Human Resources Director later informed Colon that she had been reassigned.  (See Compl., at ¶¶ 52, 65-67.)  Colon also asserts in the complaint that Purdue unlawfully discussed her health and related issues with other Pitney Bowes employees in Connecticut.  (Id. at ¶ 70.)  Therefore, the claims underlying this action did not arise in New Jersey.

    Additional private considerations also weigh in favor of transfer.  Most, if not all, of the individuals with information or knowledge that would substantiate or refute Colon's claims either live in Connecticut or work at the Pitney Bowes headquarters in Connecticut.  (Sposato Decl., at ¶ 11; Pl. Br., at 9 (acknowledging that with current venue, potential witnesses must travel more than 100 miles to the Court).)  Transporting potential witnesses from Connecticut to New Jersey would involve significant costs and cause substantial inconvenience.  Moreover, as previously stated, Pitney Bowes's employment records pertaining to Colon are located in Connecticut, and Colon has not asserted that any potentially relevant documents are located in New Jersey.  Thus, the parties could more easily access sources of proof if this action is transferred to the District of Connecticut.  Therefore, the ease of access to sources of proof, location of books and records, costs associated with witness

attendance, and availability of compulsory process over unwilling witnesses all favor transferring this action to the District of Connecticut.  See Jumara, 55 F.3d at 879.[1]

No local issues are implicated here, and thus, neither Connecticut nor New Jersey has a local interest in deciding this action.  Moreover, the parties have not addressed whether court congestion in the District of Connecticut, the enforceability of a judgment, or any public policies of this district or the District of Connecticut weigh in favor of keeping this action here or transferring it.  The familiarity of the trial judge with applicable state law also does not weigh in favor of keeping this action in this district because this case does not involve any novel or difficult applications of state law, even if New Jersey law applies.  See, e.g., Days Inn of Am. v. P&N Enters., No. 97-1374, 2006 U.S. Dist. LEXIS 71815, at *8-*14 (D. Conn. Sept. 29, 2006) (construing New Jersey law); Compoli v. Chubb Group of Ins. Cos., No. 04-1004, 2006 U.S. Dist. LEXIS 1564, at *11-*13 (D. Conn. Jan. 9, 2006) (same).

Practical considerations, however, indicate that transfer would make resolution of this action more expeditious by eliminating any delays caused by witnesses needing to travel the distance between Connecticut and New Jersey, and more inexpensive

---

[1] The convenience of counsel is not a consideration as to the issue of proper venue.  Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

by eliminating the cost of shipping relevant documents and transporting witnesses.  Therefore, balancing the various factors, this Court finds that the District of Connecticut is a more appropriate forum.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will (1) deny the part of the motion seeking dismissal of the complaint, (2) grant the part of the motion seeking to transfer this action to the District of Connecticut, and (3) transfer this action to the District of Connecticut.  The Court will issue an appropriate order and judgment.[2]

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[2] Although the Court has not addressed the merits of Colon's claims, we note that Colon's Title VII and ADA claims may be subject to dismissal because it appears she has not exhausted her administrative remedies as required by those acts.  <u>See</u> <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1022 (3d Cir. 1997) ("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution."); <u>Kowalski v. Scott</u>, 126 Fed.Appx. 558, 559 (3d Cir. 2005) (stating same as to ADA claim).